IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARY L. ABRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-2137-DDC |
| | ) |
| HAMPTON INN CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff, proceeding pro se, filed this racial-discrimination action based on the treatment he and his family members received at a Hampton Inn hotel in Omaha, Nebraska. He seeks leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) (ECF No. 18). Defendants oppose the motion, arguing the proposed amendment would be futile. Because the undersigned U.S. Magistrate Judge, James P. O'Hara, finds defendants' arguments regarding futility involve issues more appropriately addressed in a dispositive motion, the motion for leave to amend the complaint is granted.

### **Background**

Plaintiff filed his first complaint on March 27, 2018, naming Hampton Inn ("Hampton") and Hilton Worldwide, Inc. ("HWI") as defendants.[1] He asserted federal and

---

[1] ECF No. 1.

state discrimination claims, as well as a breach-of-contract claim.  Defendants filed a timely motion to dismiss, which explained "'Hampton Inn' is a brand name that is owned by Hilton and licensed to independent hotel operators."[2]  Defendants submitted the affidavit of Dan Marak, which stated that IOU, LLC ("IOU") is the owner of the subject hotel and that MH Hospitality, LLC ("MH") operates and manages the hotel.[3]  Based on this information, plaintiff's proposed amended complaint drops Hampton Inn as a defendant, and adds IOU and MH as defendants.[4]  It also changes the reference to HWI by naming as a defendant "Hilton Worldwide Inc/Hilton Domestic Operating Company, Inc (indirectly)/Hilton Franchise Holding LLC"[5] ("the Hilton entities").  Finally, the proposed amended complaint adds claims for negligence and intentional infliction of emotional distress.[6]

## Legal Standards

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing

---

[2] ECF No. 6 at 2.

[3] ECF No. 6-2.

[4] ECF Nos. 18 & 18-1.

[5] ECF No. 18-1 at 4.  HWI explains the ownership structure of these Hilton corporations as follows: "Prior to 1/4/17, Hilton Worldwide Inc. was a subsidiary of Hilton Worldwide Holdings Inc. . . . Hilton Worldwide Holdings Inc. is the parent company to Hilton Domestic Operating Company, Inc. . . . Hilton Domestic Operating Company, Inc. is the parent company to Hilton Franchise Holding LLC."  ECF No. 20 at 2.

[6] ECF No. 18-1 at 8.

2

party's written consent or the court's leave." Rule 15 dictates the court "should freely give leave when justice so requires."[7] Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."[8] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[9]

This case is in its early stage (a scheduling order has not been entered and discovery has not begun), such that most of these amendment concerns do not exist. The proposed new defendants argue, however, that permitting the amended pleading would be futile. "A proposed amendment is futile if the amended complaint would be subject to dismissal."[10] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[9] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[10] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[11] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

as true, to 'state a claim to relief that is plausible on its face.'"[12] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented "enough facts to state a claim to relief that is plausible on its face."[13] "The party opposing the proposed amendment bears the burden of establishing its futility."[14]

### Analysis

Current defendant HWI, as well as proposed defendants the Hilton entities, IOU, and MH (allegedly by "special appearance"), have filed a joint brief opposing plaintiff's motion for leave to file an amended complaint on the basis of futility.[15] As an initial matter, the court notes the proposed defendants have not established standing to object to plaintiff's motion. They are not current parties to this action, nor have they moved to intervene for the purpose of opposing plaintiff's motion.[16] In addition, HWI as a current defendant

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Little*, 548 F. App'x at 515 (quoting *Twombly*, 550 U.S. at 570).

[14] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[15] These parties all are represented by the same attorney, Rita L. Hoop.

[16] *See Clayton v. District of Columbia*, 999 F. Supp. 2d 178, 182 n.6 (D. D.C. 2013) (quoting Motion Practice, 9–80 (David F. Herr et al., eds., 5th Ed. Supp. 2012) ("If a motion seeks leave to amend to name additional parties, those parties are not entitled to notice and they have no absolute right to participate in the motion hearing until they are formally

doesn't "have standing to assert claims of futility on behalf of proposed defendants."[17] Even considering the merits of arguments made on behalf of the proposed defendants, however, the court concludes the motion to amend should be granted. For ease of reference, the court will collectively refer to HWI and the proposed defendants as "defendants" in the remainder of this order.

Defendants' futility arguments are not extensively developed, and as discussed below, ultimately fail to convince the undersigned that plaintiff's proposed amended complaint would be subject to dismissal.

### Proposed Defendants: The Hilton Entities

Defendants first argue it would be futile to add the Hilton entities as defendants because they have no control over the employees at the hotel and the "elimination of the breach of contract claim and the addition of the negligence claim results in there being no claims based upon the Hilton Honors program therefore adding as a party, the potential operators of that Hilton Honors program, i.e. the Hilton defendants, is futile."[18] However, construing plaintiff's proposed amended complaint liberally as the Tenth Circuit has

---

added to the litigation through a granted amendment. . . . [T]hey have no standing under Rule 15 to object.")).

[17] *Coleman v. Apple Eight Hosp. Mgmt., Inc.*, Case No. 16-1343-JTM, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017). *See also Silva v. Ekis*, No. 15-3007-CM, 2017 WL 5465531, at *1 (D. Kan. Nov. 14, 2017) ("Because defendant lacks standing to assert a futility argument on behalf of the proposed defendants, the court cannot bar the proposed amended pleading on this basis.").

[18] ECF No. 20 at 5.

5

directed courts to do for pro se litigant pleadings,[19] the undersigned finds it could be read to assert claims against the Hilton entities based on their operation of the Hilton Honors program.

First, the proposed amended complaint alleges plaintiff made his hotel reservation, gave instructions to hotel staff, and paid for his room via the Hilton Honors website.[20]  It further alleges plaintiff called "Defendants Customer Service Number" to open a complaint about how he and his daughter were treated, but did not get relief.[21]  These allegations can be broadly construed as raising claims against the Hilton entities.

Second, plaintiff has filed a supplement to his motion for leave to amend his complaint to make clear he is still asserting a breach-of-contract claim against the Hilton entities.[22]  Even without this clarification, the court would have construed the proposed amended complaint (liberally, as it must) as asserting a breach-of-contract claim against the Hilton entities.[23]  Like the original complaint, the proposed amended complaint alleges, "Defendant Agent, on behalf of Defendants, offered to enter into a contract with Plaintiff"

---

[19] *Gatewood v. VA Gov. Compensation*, 711 F. App'x 485, 486 (10th Cir. 2018) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citation omitted)).

[20] ECF No. 18-1 at ¶¶ 18, 20.

[21] *Id.* at ¶ 29.

[22] ECF No. 24.  Plaintiff states the exclusion of a formal breach-of-contract count was accidental.

[23] For this reason, the court finds it unnecessary to solicit a response from defendants regarding the supplement to plaintiff's motion.

and "Plaintiff accepted Defendant's offer by paying the nightly room rate and tax through his Hilton Honors/Hilton Go Team membership."[24] It then asserts, "Defendant breached its contract with Plaintiff. Defendant imposed terms and conditions on Plaintiffs' [sic] contract that are not imposed on the contracts of other similarly situated hotel guests."[25]

Finally, the undersigned notes plaintiff's 42 U.S.C. § 1981 claim asserts "defendants" denied plaintiff "the same right to enjoy the benefits, privileges, terms, and conditions of contract as is, and was, enjoyed by white citizens."[26] Thus, plaintiff's breach-of-contract allegations against the Hilton entities could come into play in other claims.[27]

### Proposed Defendant: IOU

Next, defendants argue that naming IOU, the hotel's owner, as a defendant is futile because plaintiff's proposed claims "are unrelated to the physical property" of the hotel. Although the presiding U.S. District Judge, Daniel D. Crabtree, may ultimately decide on a more developed record that plaintiff has failed to state a plausible claim against IOU, the undersigned declines to so find based on defendants' one-sentence, conclusory, futility argument. Plaintiff's proposed amended complaint alleges IOU controls and operates the

---

[24] ECF No. 18-1 at ¶¶ 19-20.

[25] *Id.* at ¶ 32.

[26] *Id.* at ¶ 35.

[27] Plaintiff's reply brief in support of his motion for leave to amend states that the Hilton entities' policies, procedures, and facilitation of the Hilton Honors program come into play for each of plaintiff's proposed causes of action. ECF No. 23 at ¶ 6.

hotel.[28] Thus on the face of the proposed complaint, IOU could have some liability for the alleged acts of discrimination suffered by plaintiff at the hotel. Indeed, the management agreement that IOU entered with MH states that IOU retains the right to approve any general manager of the hotel.[29] Plaintiff's proposed amended complaint alleges the general manager, Greg Coleman, exacerbated the discrimination plaintiff suffered.[30] The undersigned cannot conclude that plaintiff's proposed claims against IOU could not withstand a motion to dismiss.

### Proposed Defendant: MH

Finally, defendants argue it would be futile to allow plaintiff to name MH as a defendant because MH is not subject to the court's personal jurisdiction. Defendants state MH is a Missouri limited liability company and that the incidents alleged by plaintiff occurred exclusively in Nebraska. Again, the undersigned declines to find futility of amendment on the meager record before him. First, the undersigned notes that plaintiff's proposed amended complaint asserts plaintiff received telephone calls from "defendants" (which could be construed as referring to employees of MH) and that defendants' actions on these calls are part and parcel of his claims.[31] Plaintiff's brief in support of his motion states, "Plaintiff was in Kansas Boundaries when Plaintiff got inbound phone calls from

---

[28] ECF No. 18-1 at ¶ 15.

[29] ECF No. 22-2 at ¶ 3.4.

[30] ECF No. 18-1 at ¶ 30.

[31] *Id.* at ¶¶ 19, 21-24, & 30.

8

Defendants of Unlawful Prima Facie Discrimination in Violation of" the law upon which plaintiff bases his claims.[32]  Second, the citizenship of a limited liability company like MH is determined by the citizenship of each of its members.[33]  Thus, the fact that the articles of incorporation for MH are filed in Missouri[34] is not dispositive of the jurisdiction issue. The hotel management agreement between IOU and MH states that the "membership interests in [MH] are owned by Dan and Monica Marak."[35]  There is evidence in the record suggesting the Maraks reside in Kansas.  The hotel management agreement lists the address for MH as "22052 West 66, Suite 221, Shawnee KS 66226."[36]  And the IOU articles of incorporation list Dan Marak as IOU's registered agent at the same Kansas address.[37] Although defendants may latter prove the Maraks (and, thus, MH) are not residents of Kansas, in opposing the instant motion they have failed to meet their burden of proving futility on this basis.

In the end, the undersigned cannot conclude plaintiff's proposed amended complaint could not withstand a motion to dismiss.  However, defendants may re-assert their

---

[32] ECF No. 23 at ¶ 5.

[33] *Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

[34] ECF No. 20-1.

[35] ECF No. 22-2 at ¶ B.  Dan Marak appears have an interest in both IOU and MH, as his affidavit states he is also the managing member of IOU.  ECF No. 6-2 at ¶ 2.

[36] ECF No. 22-2 at ¶ 8.1.

[37] ECF No. 20-2.

9

arguments, on a better developed record, in a dispositive motion filed for decision by the presiding district court judge.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file an amended complaint is granted. Plaintiff is directed to file the amended complaint, as supplemented,[38] as a separate docket entry by June 14, 2018.

Dated June 7, 2018, at Kansas City, Kansas.

       s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[38] Plaintiff is directed to add his breach-of-contract claim, exactly as set out in his supplement to his motion for leave to amend (ECF No. 24), after paragraph 41 of his proposed amended complaint (ECF No. 18-1). He shall make no other changes to his proposed amended complaint when he files it as his First Amended Complaint.