# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.                                                         Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

    Defendants.

## ORDER

Plaintiff, proceeding pro se, filed this racial-discrimination action based on the treatment he and his family members allegedly received at a Hampton Inn hotel in Omaha, Nebraska, on January 27 and 28, 2018. Plaintiff has filed a motion to compel defendants to produce documents identified in their Fed. R. Civ. P. 26(a)(1) initial disclosures (ECF No. 55), and a motion for a hearing on the same (ECF No. 68). In response, defendants assert they have produced all such documents, and request an award of attorneys' fees incurred in responding to the motion (ECF No. 71).

Separately, defendants have filed a motion for leave to amend their answer and affirmative defenses (ECF No. 79). Plaintiff has moved the court to strike that motion

(ECF No. 83). The court will address these two sets of related motions in turn.[1]

Plaintiff's Motion to Compel and Defendants' Request for Fees

The court begins by considering plaintiff's motion to compel production of documents identified in defendants' initial disclosures and defendants' response, including a request for attorneys' fees, to the same. As discussed below, the court denies the motion to compel after finding defendants did not improperly withhold documents. But because plaintiff was substantially justified in bringing the motion, defendants' request for fees is also denied.

Fed. R. Civ. P. 26(a)(1)(A)(ii) requires a party to disclose, without awaiting a discovery request, "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:" On July 13, 2018, defendants submitted their Rule 26(a) initial disclosures by e-mail to the undersigned's chambers, with a copy to plaintiff's e-mail address. Defendants' initial disclosures set forth four categories of documents: (1) "Employee Handbook," (2) "Relevant employees' personnel file(s)," (3) "Notes/documents created in investigation of incidents at issue, such as noise complaint, carpet cleaning invoices and staff notes," and (4) "Hotel guests' records." In a scheduling order issued on July 20, 2018, the undersigned directed the

---

[1] Plaintiff recently filed a motion to hold discovery in abeyance pending a ruling on the above motions (ECF No. 84). This order renders that motion moot.

parties to exchange the documents listed in their respective initial disclosures by July 30, 2018.[2]

With his motion to compel, plaintiff appears to be seeking two categories of documents.[3] First, plaintiff alleges defendants have failed to produce pictures, videos, and audio recordings that support defendants' assertion that plaintiff or his daughter damaged hotel carpet, drapes, walls, and furniture. Although plaintiff does not so state, the court presumes it is plaintiff's position that such pictures, videos, and audio recordings fall under category 3 above. Defendants state they have produced to plaintiff pictures showing damage to the hotel (Bates Stamped 000428-000434) and an invoice for carpet cleaning (Bates Stamped 000435). Plaintiff concedes that he received these documents, but appears under the impression that there are additional pictures, videos, and audio recordings in defendants' possession that fall under category 3. Defendants state, however, that they have "exhaustively complied with Rule 26's disclosure requirements," thereby indicating there are no undisclosed pictures, videos, or audio recordings in their possession or control upon which they will rely to support their claims or defenses.

The court, of course, "cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control."[4] Only defendants have the

---

[2] ECF No. 41 at 4.

[3] The court is construing liberally plaintiff's arguments made in ECF Nos. 55, 57, 68, and 73.

[4] *Sonnino v. Univ. Kan. Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004).

ability to know what evidence they may use to support their claims or defenses. Should it come to light later in this case that defendants have "fail[ed] to provide information . . . required by Rule 26(a)," they will likely be sanctioned and prohibited from using any undisclosed pictures, videos, or audio recordings at trial or in support of a motion.[5] But based on the current state of the record—where nothing indicates defendants are inappropriately withholding information—plaintiff's motion to compel is denied with respect to this material.

Next, plaintiff seeks the Hampton Inn's complete log of registered guests for January 27 and 28, 2018. Plaintiff states defense counsel represented at the scheduling conference that defendants would produce the guest log. Defendants counter that plaintiff is mistaken. Defendants state that, actually, their counsel represented to the court that the hotel had received noise complaints from another guest about the room occupied by plaintiff's daughter and five children, and that defendants would produce information related to that guest. It is undisputed that defendants have produced all records related to the complaining guest.

The court's recollection of the discussion at the scheduling conference about guest records aligns with defendants'. Plaintiff has submitted no evidence (such as a transcript from the conference) to support his position. The court can think of no manner in which the entire list of guests staying at the hotel on the two nights in question would be relevant

---

[5] Fed. R. Civ. P. 37(c)(1).

to this case. Thus, it is extremely unlikely that Rule 26(a) required defendants to turn over the list; in other words, it is very unlikely defendants will use the list to support their claims or defenses. Thus, plaintiff's motion to compel is denied in this respect.

Plaintiff has filed a motion for a hearing on his motion to compel. Plaintiff's motion for hearing does not suggest why a hearing would be useful to the court or what might be gained through a hearing that was not gained by the submission of written briefs. The undersigned has had no difficulty deciding this discovery dispute based on the written submissions and does not believe a hearing would have aided his decision. Thus, plaintiff's motion for a hearing is denied.

Defendants seek payment of their attorneys' fees under Fed. R. Civ. P. 37(a)(5)(B) for having to defend against plaintiff's unsuccessful motion to compel. Rule 37 dictates that, ordinarily, district courts must order a party whose motion to compel is denied to pay the opposing party's reasonable expenses, including attorney fees, incurred in opposing the motion.[6] "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."[7] "The Supreme Court has described the test of 'substantially justified' . . . as 'a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'"[8] The motion need

---

[6] Fed. R. Civ. P. 37(a)(5)(B).

[7] *Id.*

[8] *Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 542 (10th Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

not be "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."[9]

Though a close call, the court finds "reasonable people could differ as to the appropriateness of [plaintiff's] request for the evidence."[10] Plaintiff is of the firm belief that defense counsel promised to produce the pictures, videos, recordings, and log sought. Plaintiff is not an attorney and perhaps misunderstood counsel and the undersigned's discussion at the scheduling conference of what should be produced. Plaintiff's belief that the complete hotel guest log should be produced, though mistaken, was also justified in substance by defendants' inclusion of "Hotel guests' records" as a category in their initial disclosures. The court therefore denies defendants' request for fees.

Plaintiff is warned, however, that he must not file motions lightly. If, in the future, the court determines that plaintiff brings a motion to compel without substantial justification, plaintiff will be ordered to pay the reasonable attorneys' fees incurred by defendants.[11] Plaintiff should also take heed of Fed. R. Civ. P. 11, which provides that by filing a motion, plaintiff certifies to the best of his knowledge that it is nonfrivolous, that it is not intended to harass or needlessly increase the cost of litigation, and that the legal and factual contentions have support in the law and evidence.[12] Should the court find plaintiff

---

[9] *Id.* (quoting *Pierce*, 487 U.S. at 565).

[10] *Id.* at 543.

[11] *See* Fed. R. Civ. P. 37(a)(5)(B).

[12] Fed. R. Civ. P. 11(b).

6
O:\ORDERS\18-2137-DDC-55.docx

has violated Rule 11, the court may impose on him monetary and nonmonetary sanctions (including dismissal of the case in some instances).[13]

### Defendants' Motion for Leave to File an Amended Answer and Plaintiff's Motion to Strike the Same

Next, the court considers defendants' motion for leave to amend their answer and affirmative defenses, and plaintiff's motion to strike the same. Applying the liberal standards of Fed. R. Civ. P. 15(a)(2), the motion for leave to amend is granted, and the motion to strike is denied.

Fed. R. Civ. P. 15(a)(2) dictates that once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs the court to "freely give leave when justice so requires." "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[14]

In his motion to strike, plaintiff opposes amendment only on the basis that defendants' proposed new affirmative defenses are legally and factually insufficient—in other words, plaintiff asserts that amendment would be futile. A proposed amendment is

---

[13] Fed. R. Civ. P. 11(c).

[14] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v.Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

7
O:\ORDERS\18-2137-DDC-55.docx

futile if it is subject to dismissal.[15] "When ruling on a motion to amend, the Court does not have to determine whether defendants' affirmative defense will ultimately prevail at trial but, rather, the amendment is futile if there are no set of facts upon which defendants could possibly prevail."[16] At this stage in the litigation, based on the record currently before the court, the court cannot say that there is no set of facts under which defendants could prevail. Once the factual record is more fully developed, however, plaintiff may challenge defendants' affirmative defenses in a motion for summary judgment.

Although not addressed by plaintiff, the court further notes that none of the other factors that typically weigh against granting amendment is present here. First, defendants did not delay in seeking amendment. The scheduling-order deadline for filing motions to amend the pleadings had not yet passed, and defendants explain that their new defenses came to light during the discovery process. Second, the court does not find plaintiff will be unduly prejudiced by the amendment, as plaintiff will have an adequate chance to conduct discovery on the affirmative defenses. Third, there is no bad faith or dilatory motive present. Fourth, defendants have not previously sought amendment. Accordingly,

---

[15] *Pawnee Petroleum Prods., LLC v. Crawford*, No. 01-1314, 2003 WL 21659665, at *6 (D. Kan. April 18, 2003).

[16] *Gardner Grp., LLC v. Commonwealth Land Title Ins. Co.*, No. 15-9934-CM, slip op. at 2 (D. Kan. May 9, 2016) (quoting *Peters v. Terminix Intern., Inc.*, No. 05-cv-0719, 2007 WL 171910, at *2 (N.D. Okla. Jan. 18, 2007)).

the court grants defendants' leave to file their amended answer and affirmative defenses, and denies plaintiff's motion to strike the same.

IT IS THEREFORE ORDERED that plaintiff's motion to compel (ECF No. 55) and motion for hearing (ECF No. 68) are denied.

IT IS FURTHER ORDERED that defendants' request for attorneys' fees (ECF No. 71) is denied.

IT IS FURTHER ORDERED that defendants' motion for leave to file an amended answer and affirmative defenses (ECF No. 79) is granted. Defendants are directed to file their amended pleading by September 11, 2018.[17] Plaintiff's motion to strike the motion for leave to amend (ECF No. 83) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to stay deadlines (ECF No. 84) is denied as moot.

The parties are hereby informed that, within 14 days after a party is served with a copy of this order, that party may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order. If a party does not timely file objections, no court will allow appellate review.

Dated September 7, 2018, at Kansas City, Kansas.

---

[17] Plaintiff should note that "responses" to answers are not contemplated under the rules of civil procedure and should not be filed.

9
O:\ORDERS\18-2137-DDC-55.docx

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge