UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.                                                                 Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

    Defendants.

## ORDER

Plaintiff, proceeding pro se, filed this racial-discrimination action based on the treatment he and his family members allegedly received at a Hampton Inn hotel in Omaha, Nebraska. Plaintiff has filed a motion titled "plaintiff's motion for direction of named defendants in my causes of actions" (ECF No. 88). Although it is unclear what relief plaintiff is seeking, the court construes his motion and supportive briefing liberally[1] as requesting the court to order defendants to clarify each defendant's relationship to the subject Hampton Inn. Plaintiff's brief explains that plaintiff has had difficulty conducting discovery without this knowledge because particular entities served with discovery have objected that they either (1) are not a party or (2) are not the party in the best position to

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is "to be liberally construed . . . ." (internal quotation and citation omitted)).

respond to the request.[2]

As named in plaintiff's amended complaint, there are five defendants in this action: (1) Hilton Worldwide Inc., (2) Hilton Domestic Operating Company, Inc., (3) Hilton Franchise Holding LLC, (4) MH Hospitality, LLC, and (5) IOU LLC.[3] Hampton Inn Franchise, LLC is *not* a named party in this case.[4] By his motion, plaintiff asks to know which defendant (1) "own, manage hotel [sic]," (2) "owns the right to franchise the hotel," and (3) "owns and manages the website for Hilton go and Hilton honors."[5] In their response to plaintiff's motion, defendants state:

> 1) Hilton Franchise Holding LLC entered into the franchise agreement with the owner of the hotel. 2) Hilton Domestic Operating Company, Inc. offers, through its wholly owned subsidiary, the Go Hilton Team Member and Family and Friends Travel programs, that are indirectly referred to in the First Amended Complaint. 3) Hilton Worldwide Inc. (now known as Park Hotels & Resorts Inc.) has no connection to the subject hotel in any manner.

---

[2] Upon the court's order, ECF No. 100, defendants filed their discovery responses. *See* ECF No. 103. The court has reviewed the responses and finds they are not facially objectionable.

[3] Amended complaint, ECF No. 27.

[4] Defendants filed a timely motion to dismiss, which explained "'Hampton Inn' is a brand name that is owned by Hilton and licensed to independent hotel operators." ECF No. 6. As a result, plaintiff moved to amend his complaint and drop Hampton Inn as a defendant. ECF No. 18. The motion was granted, ECF No. 25, and plaintiff's amended complaint stated plaintiff was removing "Hampton Inn ET AL" from his complaint, ECF No. 27.

On August 8, 2018, plaintiff served requests for admission on Hampton Inn. ECF No. 48. Because requests for admission may only be served on parties under Fed. R. Civ. P. 36 (a), Hampton Inn appropriately objected to answering the requests on the ground that it is not a party. *See* ECF No. 103-10.

[5] ECF No. 90 at 1 (supplement to motion).

4) IOU LLC is the franchise holder [i.e., the hotel owner]. 5) MH Hospitality LLC is the management company that manages the hotel and its employees.[6]

Because defendants have provided the relief sought by plaintiff's motion, the court deems the motion moot.

IT IS THEREFORE ORDERED that plaintiff's motion for direction is denied as moot.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order.  Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

Dated September 26, 2018, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[6] ECF No. 89 at 2.  The relationship that each defendant has to the claims in this case also was discussed in the court's June 7, 2018 order granting plaintiff leave to file an amended complaint.  ECF No. 25.