UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

Plaintiff,

v.                                                          Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

Defendants.

## AMENDED SCHEDULING ORDER

On October 9, 2018, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a status conference. Plaintiff appeared in person, pro se. Defendants appeared through counsel, Timothy R. Brownlee and Rita L. Hoop. This amended scheduling order memorializes the undersigned's oral rulings from the bench, which are incorporated herein by reference.

Plaintiff's "motion for fair trial" (ECF No. 106) is granted in part and denied in part. It's granted only to the extent that, if this case remains at issue after any timely-filed motions for summary judgment have been decided by the presiding U.S. District Judge, Daniel D. Crabtree, both plaintiff and defendants will get a fair trial. But the motion is denied to the extent plaintiff requests that discovery sanctions be imposed against defendants.

During the conference, the undersigned ordered defendants to produce to plaintiff, no later than **October 12, 2018**, documents reasonably sufficient to demonstrate (not

necessarily all documents) that the hotel room rented by plaintiff's daughter was not made available to any other hotel guests between the date it allegedly was damaged and the date it was repaired.

The previously extended October 12, 2018 deadline for plaintiff to serve complete, signed responses to defendants' outstanding discovery requests, as more specifically stated in the court's September 18, 2018 order (ECF No. 100), is further extended to **October 19, 2019**. Plaintiff is forewarned, though, that no further extensions of this deadline will be granted absent a strong showing of truly extraordinary circumstances.

In the hopes of avoiding unnecessary motion practice later, plaintiff is respectfully reminded that relevance objections to discovery requests are seldom sustained, i.e., as both a legal and a practical matter, relevance for discovery purposes is very broadly construed. On the other hand, the court observed during the conference that, given settled precedent in this District, defendants' contention interrogatories are too broad – they should be deemed limited to requiring plaintiff to set forth the "principal or material facts" supporting his various contentions, not "each and every fact."

By **November 1, 2018**, the parties must file any motions to compel, whether directed at the sufficiency of plaintiff's responses to the above-referenced discovery requests, or directed at the sufficiency of defendants' recently served responses to plaintiff's discovery requests (see ECF Nos. 102 and 108-12). As to the latter, during the conference, the court observed that defendants' "general objections" to plaintiff's discovery requests were not meritorious given settled precedent in this District – at the risk

of stating the obvious, defendants would be well-served to withdraw those objections. Given that plaintiff is pro se, defendants might also be well-served to reconsider withdrawing (or at least better supporting) some of its other objections, e.g., based on purported vagueness.

Given the unfortunate bickering between plaintiff and defense counsel during today's conference, the court can only infer *both* sides have forgotten what was discussed during the initial scheduling conference on July 20, 2018, and in any event ignored the explicit admonition in paragraph 2(k) of the scheduling order filed the same day (ECF No. 41), which stated:

> The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

In any event, if motions to compel are filed, all parties are reminded that this court strictly enforces not only Fed. R. Civ. P. 26(g) but also the meet-and-confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. Failure to observe these requirements, especially given the history of this case, probably will result in the imposition of stiff sanctions (monetary and otherwise), on one or both sides.

Responses to any further motions to compel must be filed by **November 8, 2018**. Reply briefs, which are optional, must be filed by **November 12, 2018**. The parties' principal briefs on any motions to compel must be limited to 10 double-spaced pages, with any reply briefs limited to 3 pages. The court will endeavor to rule any motions of this sort very quickly.

The deadline for all discovery to be commenced or served in time to be completed is now **February 1, 2019**. But this extension is limited to the court enforcing the parties' written discovery obligations as described above, and allowing defendants to depose plaintiff and the female companion who reportedly accompanied him in Omaha on the date in question. If defendants wish, they may take these depositions in the courthouse; depending on scheduling commitments in other cases, the undersigned may elect to preside at the depositions.

Pursuant to Fed. R. Civ. P. 16(e), the final pretrial conference is re-scheduled for **March 1, 2019, at 9:00 a.m.**, in the U.S. Courthouse, Courtroom 223, Kansas City, Kansas. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **February 15, 2019**, defense counsel must submit the

parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*.   The proposed pretrial order must not be filed with the Clerk's Office.   It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 1, 2019**.

This case is re-scheduled for trial on the court's docket beginning on **December 3, 2019, at 9:00 a.m.**

Except to the extent specifically addressed by this amended scheduling order, all deadlines and other provisions of the court's original scheduling order (ECF No. 41) remain in effect.   This amended scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated October 9, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

5