IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.

HILTON WORLDWIDE INC., et al.,

    Defendants.

Case No. 18-2137-DDC-JPO

**MEMORANDUM AND ORDER**

This matter is before the court on pro se plaintiff[1] Gary Abraham's "Motion for the District Judge to Intervene for Orders and Stay" (Doc. 116). Magistrate Judge James P. O'Hara has presided over the parties' pretrial proceedings, including discovery matters. Now, plaintiff asks the district judge to intervene in the parties' discovery proceedings, stay discovery, compel defendants to respond to plaintiff's discovery requests, grant plaintiff leave to file a summary judgment motion, grant plaintiff an extension of time while he recovers from recent medical procedures, and order defendants to pay plaintiff's attorneys' fees for his motion. For reasons explained below, the court declines to intervene in this case and refers plaintiff's arguments in his motion about discovery matters to Judge O'Hara.

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

### I. Background

Plaintiff asks this court to intervene because he feels he has been treated "unfair[ly]" during discovery proceedings. Doc. 116 at 5. Part of plaintiff's motion appears to challenge portions of an October 9, 2018, status conference held by Judge O'Hara that included a discussion of plaintiff's "Motion for Fair Trial" (Doc. 106). Plaintiff primarily argues that he was unable to present certain evidence and arguments during the October 9 proceedings; that defendants have failed to serve some of their discovery requests and other papers properly; and that defendants have failed to provide documents or responses to plaintiff's requests for information. In his Reply to defendants' Response to his Motion (Doc. 124), plaintiff asserts that defendants have failed to communicate properly with him. Also, plaintiff asserts that he was required to respond to defendants' requests despite facing medical issues. He has submitted his own affidavit in support of his motion; it describes medical procedures that he says have left him in pain and unable to work. Doc. 120.

Plaintiff asks the court to stay discovery proceedings until defendants answer his requests "correctly." Doc. 116 at 1, 6. He seeks an extension of time until he "heals from surgery and pain." *Id.* at 7. Also, plaintiff asks the court for leave to file a motion for summary judgment and provides several paragraphs of facts supporting his arguments. Plaintiff asserts that he is "entitled to summary [judgment]" because defendants have no "affirmative defense against [his] cause of action[]." Doc. 116 at 4.

In their Responses (Docs. 123, 125), defendants focus on plaintiff's request that the court stay discovery. They argue that plaintiff has not disclosed documents from several categories listed on plaintiff's Initial Disclosure Statement. Defendants assert that they mailed plaintiff a thumb drive for him to provide these documents. They also direct the court to Judge O'Hara's

second extension of plaintiff's deadline to October 19, 2018, to respond to defendants' discovery requests. Doc. 123 at 3; *see also* Doc. 114 at 2. Plaintiff, they contend, has not shown good cause for the court to stay discovery or extend his deadlines for discovery responses. Specifically, defendants argue that plaintiff has filed several discovery requests, motions, and briefs in support of his motions after the medical procedures plaintiff describes in his motion (Doc. 116) and affidavit (Doc. 120). Thus, they assert, plaintiff "physically [is] capable of answering discovery requests and able to maintain adequate focus for that purpose." Doc. 123 at 5. Finally, defendants construe part of plaintiff's motion as one for summary judgment and dispute several factual allegations plaintiff includes in his motion. Defendants argue that they require discovery responses and deposition testimony to respond to that portion of plaintiff's motion.

**II.     Analysis**

Under D. Kan. Rule 72.1.2(b), the Clerk of the Court may "assign civil cases to a magistrate judge or judge for the conduct of a Fed. R. Civ. P. 16(b) scheduling conference, the issuance of a scheduling order, and such other pretrial conferences as are necessary and appropriate, and for the hearing and determination of all pretrial, procedural, and discovery motions." Parties may challenge a magistrate judge's ruling on non-dispositive matters by "serv[ing] and fil[ing] objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). When considering timely objections, a district judge only may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

In this case, the Clerk has referred the parties' pretrial proceedings to Judge O'Hara. He has ruled on a variety of discovery matters and other issues promptly and properly. Judge O'Hara also has issued orders providing clarification and direction for all parties (Doc. 114 at 2–

3), and he has reminded the parties of the court's admonitions for discovery, as discussed during the initial scheduling conference in this case (Doc. 114 at 3). The court concludes that these rulings and orders squarely fall within Judge O'Hara's assigned purview in this case, and it declines to intervene and rearrange Judge O'Hara's assignment in the case.

And to the extent the court construes plaintiff's motion as one made under Federal Rule of Civil Procedure 72, the court still declines to change or set aside those rulings. If plaintiff's motion is read as a Rule 72(a) motion challenging the Amended Scheduling Order that incorporated Judge O'Hara's rulings during the October 9, 2018, status conference, plaintiff's motion is timely because he filed it within 14 days of the October 9 order. *See* Fed. R. Civ. P. 72(a) (Plaintiff was served electronically with the order on October 9, 2018, and he filed his motion on October 15, 2018.). But substantively, plaintiff has failed to demonstrate that any of Judge O'Hara's determinations about discovery are clearly erroneous or contrary to law. Plaintiff's apparent disagreements with Judge O'Hara's rulings are insufficient to impel the district judge's intervention in these discovery proceedings.

Finally, the court does not read plaintiff's motion as one seeking summary judgment, contrary to defendants' argument in their Responses. Rather, the court understands plaintiff's motion as one that includes a request for leave to file a summary judgment motion. The court thus concludes that plaintiff's motion is not a dispositive one that requires a district judge to intervene.

The court determines that plaintiff has not adduced sufficient arguments or evidence warranting "intervention" in the pretrial proceedings here. The court thus declines to intervene and refers all remaining discovery disputes in plaintiff's "Motion for the District Judge to Intervene for Orders and Stay" (Doc. 116) to Magistrate Judge O'Hara.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for the District Judge to Intervene for Orders and Stay (Doc. 116) is denied in part.

**IT IS SO ORDERED.**

**Dated this 31st day of October, 2018, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**