UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.                                               Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

    Defendants.

**ORDER**

Plaintiff, proceeding pro se, filed this racial-discrimination action based on the treatment he and his family members allegedly received at a Hampton Inn hotel in Omaha, Nebraska. Before the undersigned U.S. Magistrate Judge, James P. O'Hara, is plaintiff's motion to stay discovery (ECF No. 116). Because no good cause has been shown to stay discovery, the motion is denied.

Discovery originally was scheduled to end in this case by October 12, 2018.[1] Although defendants have now responded to plaintiff's discovery requests,[2] plaintiff has

---

[1] Scheduling Order. ECF No. 41 at 4.

[2] Since the undersigned's October 9, 2018 order addressing outstanding discovery, ECF No. 114, defendants have filed three certificates of service indicating their discovery responses are complete. *See* ECF Nos. 115, 118, & 119. To the extent plaintiff complains MH Hospitality LLC never filed a certificate of service of its responses to plaintiff's requests for admission (*see* ECF No. 124 at 1), the court directs plaintiff to ECF No. 59.

1

yet to respond to nearly all of defendants' requests.  Specifically, plaintiff has yet to provide the following:

1. documents related to categories 3, 6, and 8-10 of his initial disclosures;

2. answers to MH Hospitality LLC's interrogatories (ECF Nos. 60 & 123-4), as amended on October 15, 2018 (ECF No. 123-7);

3. answers to MH Hospitality LLC's request for production of documents (ECF Nos. 61 & 123-5); and

4. answers to MH Hospitality LLC's requests for admissions (ECF Nos. 66 & 123-6).

On September 17, 2018, plaintiff filed a motion for extension of time to respond to outstanding discovery, stating that in early September 2018 he suffered medical problems and surgical procedures, including a colonoscopy and cystoscopy, that made it too painful for him to focus on this case.[3]  Plaintiff sought a 60-day extension of his response deadlines, but noting plaintiff's failure to file "detailed support for the request (such as a note from plaintiff's physician)," the court granted a slightly shortened extension to October 12, 2018.[4]  On October 9, 2018, the undersigned conducted a status conference with the parties.[5]  Upon plaintiff's oral request at the conference, the undersigned granted plaintiff

---

[3] ECF No. 99.

[4] ECF No. 100 at 2.

[5] ECF Nos. 113 & 114.

another extension, this time to October 19, 2018, to respond to outstanding discovery.[6] However, the undersigned warned plaintiff—both at the conference and in the written order that followed—that the court would grant no further extensions of discovery deadlines "absent a strong showing of truly extraordinary circumstances."[7]

On October 15, 2018, before responding to any discovery, plaintiff filed his motion to stay discovery, requesting discovery be held in abeyance on three grounds.[8] First, plaintiff asserted defendants should be required to answer plaintiff's discovery requests before plaintiff was required to respond to discovery. As noted above, defendants have now responded to plaintiff's requests, making this basis for stay no longer applicable.[9]

Second, plaintiff complained that he never received MH Hospitality LLC's discovery requests, despite MH Hospitality LLC having filed certificates noting it served them in August 2018. On October 19, 2018, defendants filed the requests on the record as attachments to their response to plaintiff's motion to stay (ECF No. 123). Thus, even taking plaintiff at his word that he never originally received this discovery, this basis for a

---

[6] ECF No. 114 at 2.

[7] *Id.*

[8] ECF No. 116. The motion also sought intervention in discovery by the presiding U.S. District Judge, Daniel D. Crabtree. On October 31, 2018, Judge Crabtree denied the request to intervene, and referred the portion of the motion seeking a discovery stay to the undersigned. ECF No. 127.

[9] To the extent plaintiff contends defendants' responses are inadequate, he may file a motion to compel by the deadline set below.

3

stay is no longer applicable.

Finally, plaintiff requests a stay based on the colonoscopy he had on September 4, 2018, and on the cystoscopy he had on September 13, 2018, which he states make it difficult for him to "sit up continuously for more than 30 minutes."[10] But as defendants set out in detail in their response brief, plaintiff has had the physical and mental ability to file more than 8 separate discovery requests and more than 14 motions or briefs in support of motions since September 4, 2018.[11] Moreover, plaintiff has not suggested his health has deteriorated since the October 9, 2018 status conference at which the undersigned deemed plaintiff able to respond to discovery at least by October 19, 2018. Nor has plaintiff submitted medical evidence to support his contentions. The record, as it now stands, indicates plaintiff has the ability to respond to the fairly typical discovery requests served by defendants. The court therefore denies the request for a stay on this basis.

Discovery must proceed in this case so that the case may advance toward the trial plaintiff requests. The court finds no good cause, let alone extraordinary circumstances, that would justify further delaying the pretrial proceedings. Thus, by **November 16, 2018**, plaintiff <u>must</u> respond to the discovery listed in numbers 1-4 on page 2 of this order. Any motion to compel related to discovery that has been responded to since September 1, 2018,

---

[10] ECF No. 120 at 1.

[11] See chart in ECF No. 123, at 4-5, as well as plaintiff's additional briefs filed as ECF Nos. 124 and 126.

or to which the response deadline passed after September 1, 2018, without response, must be filed by **November 30, 2018**.  Principal briefs on motions to compel are limited to 10 double-spaced pages, and optional reply briefs are limited to 3 double-spaced pages.

Because the court does not interpret plaintiff's motion to stay discovery as a motion to compel discovery, defendants' request for fees pursuant to Fed. R. Civ. P. 37(a)(5)(B) is denied.  **Plaintiff is hereby warned, however, that if he fails to meet the November 16, 2018-discovery deadline set in this order such that defendants find it necessary to file a motion to compel, the court will favorably entertain a motion for plaintiff to pay defendants' fees incurred in bringing the motion.**

IT IS THEREFORE ORDERED that plaintiff's motion for a discovery stay (ECF No. 116) is denied.

IT IS FURTHER ORDERED that a second motion filed by plaintiff to stay discovery pending a decision on his first motion to stay discovery (ECF No. 121) is denied as moot.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order.  Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

Dated November 2, 2018, at Kansas City, Kansas.

                                                                                                               s/ James P. O'Hara  
                                                                                                               James P. O'Hara  
                                                                                                               U.S. Magistrate Judge