UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

      Plaintiff,

v.                                   Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

      Defendants.

### ORDER

Plaintiff, proceeding pro se, filed this racial-discrimination action based on the treatment he and his family members allegedly received at a Hampton Inn hotel in Omaha, Nebraska, during a stay plaintiff had booked through the Hilton Honors rewards program. He has filed a motion for leave to amend his complaint to change which Hilton entities he is suing (ECF No. 130).[1] The motion is granted in part and denied in part.

Plaintiff seeks to amend his complaint to add as defendants Hilton Honors Worldwide LLC and Hilton Reservations Worldwide LLC; and to dismiss as defendants Hilton Worldwide Inc., Hilton Domestic Operating Company, Inc., and Hilton Franchise Holding LLC.[2] Plaintiff states that his causes of action do not change, and that he only

---

[1] Plaintiff also filed a motion to stay discovery (ECF No. 139) pending a decision on his motion for leave to amend his complaint. With the filing of this order, the motion to stay discovery is moot.

[2] In addition to the Hilton entities, plaintiff has sued MH Hospitality LLC and IOU LLC. These two parties are not affected by the instant motion.

1

seeks to name the correct Hilton entities as they have been identified by defendants in discovery. He asserts defendants have used "evasive tactics" and "played games" by not "volunteering to tell plaintiff way in advance whom was the proper entity,"[3] despite plaintiff's early motion for clarification about which Hilton entities should be named based on the allegations raised in his complaint.[4] It has become clear through discovery that Hilton Honors Worldwide LLC, a wholly owned subsidiary of Hilton Domestic Operating Company, Inc., is the entity that administers the Hilton Honors program. Plaintiff does not state—and it is unclear from the record—why plaintiff seeks to add Hilton Reservations Worldwide LLC.

Defendants respond that plaintiff has failed to show good cause for amending his complaint because, if he had exercised diligence, plaintiff could have identified the correct Hilton entity earlier in this case. Defendants report that a document delivered with their initial disclosures, titled "Hilton Honors Terms and Conditions," stated, "Hilton Honors Program membership and its benefits are offered at the sole discretion of Hilton Honors, a wholly owned subsidiary of Hilton Domestic Operating Company, Inc."[5] In addition, Hilton Domestic Operating Company answered an interrogatory on August 22, 2018,

---

[3] ECF No. 138 at 2.

[4] *See* ECF Nos. 88, 88-1, & 90 at 1 (noting plaintiff's attempts to learn "who owns the right to franchise the hotel in question, and who owns and manages the website for Hilton go and Hilton honors").

[5] ECF No. 137 at 4.

stating that it "offers, through its wholly owned subsidiary Hilton Honors Worldwide, LLC, the Go Hilton Team Member and Family & Friends Travel programs."[6]

Although it is a close call, the court finds plaintiff has demonstrated good cause under Fed. R. Civ. P. 16(b)(4) for amending his complaint to substitute Hilton Honors Worldwide LLC, after the deadline set in the scheduling order, as the proper Hilton entity allegedly liable in this action.[7] Plaintiff is proceeding pro se, and the record reflects he was diligent in attempting to understand the complicated Hilton corporate structure. The court does <u>not</u> find defendants were attempting to hide the ball from plaintiff, but plaintiff has demonstrated that he only recently understood that the subsidiary company was the operator of the Hilton rewards program. For these same reasons, the court also concludes justice merits granting plaintiff leave to add Hilton Honors Worldwide LLC as a defendant under Fed. R. Civ. P. 15(a)(2).[8]

On the other hand, plaintiff has not discussed his reasons—let alone demonstrated good cause—for seeking to add Hilton Reservations Worldwide LLC as a defendant. Thus, plaintiff's motion is denied as to this entity.

---

[6] *Id.* at 5.

[7] ECF No. 41 (setting August 30, 2018, as the deadline for motions to amend pleadings).

[8] Plaintiff's motion for leave to amend his complaint does not indicate he is seeking discovery from Hilton Honors Worldwide LLC, and, to be clear, this order should not be construed as permitting discovery from this defendant. The discovery period ended on October 12, 2018 (*see* ECF No. 41), except for a limited extension of discovery obligations not relevant here (*see* ECF No. 114 at 4).

3

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for leave to file an amended complaint is granted in part and denied in part. The Amended Complaint (ECF No. 27) is amended by interlineation as described below.

2. Hilton Worldwide Inc., Hilton Domestic Operating Company, Inc., and Hilton Franchise Holding LLC are dismissed with prejudice.

3. Hilton Honors Worldwide LLC is added as a defendant in place of Hilton Domestic Operating Company, Inc. By **December 7, 2018**, if current defense counsel have not waived process and service of process by filing an entry of appearance for the newly added Hilton entity, they must file a notice with detailed information that would effectuate personal service by the U.S. Marshals quickly.

4. The motion is denied as to Hilton Reservations Worldwide LLC, which shall <u>not</u> be added as a defendant.

IT IS SO ORDERED.

Dated December 4, 2018, at Kansas City, Kansas.

 s/ James P. O'Hara         
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\18-2137-DDC-130, 139 .docx