# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GARY L. ABRAHAM,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**HILTON HONORS WORLDWIDE LLC, et al.,**<br><br>      **Defendants.** | Case No. 18-2137-DDC-JPO |

## MEMORANDUM AND ORDER

This matter is before the court on pro se plaintiff[1] Gary Abraham's "Motion for Review/Reconsider." Doc. 141. In it, plaintiff challenges Magistrate Judge James P. O'Hara's Order denying his earlier "Motion for the District Judge to Intervene for Orders and Stay." Doc. 129. Defendants have filed a Response to plaintiff's Motion for Review/Reconsider. Doc. 156. For reasons explained below, the court denies plaintiff's Motion.

**I.    Background**

Plaintiff filed his Motion for the District Judge to Intervene for Orders and Stay on October 15, 2018 (Doc. 116). Judge O'Hara denied that Motion on November 2, 2018 (Doc. 129). Plaintiff then filed his timely Motion for Review/Reconsider on November 16, 2018. *See*

---

[1]    Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se party. *See Hall*, 935 F.2d at 1110. Likewise, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy."); *see also* D. Kan. Rule 72.1.4(b) ("The procedure for filing objections to an order of a magistrate judge in a nondispositive matter follows Fed. R. Civ. P. 72(a)."). Below, the court first discusses: (1) plaintiff's original Motion to Stay Discovery; (2) Judge O'Hara's Order denying that Motion; and (3) plaintiff's most recent Motion for Review/Reconsider.

### A. Plaintiff's Motion for the District Judge to Intervene for Orders and Stay (Doc. 116)

In this Motion, plaintiff primarily argued that: (1) he was unable to present certain evidence and arguments during a status conference before Judge O'Hara on October 9, 2018; (2) defendants had failed to serve some of their discovery requests and other papers properly; and (3) defendants had failed to provide documents or responses to plaintiff's requests for information. In his first Reply to defendants' Response to his Motion (Doc. 124), plaintiff asserted that defendants had failed to communicate properly with him. Also, plaintiff contended that he was required to respond to defendants' requests even though he was facing medical issues. He submitted his own affidavit to support his Motion. It described medical procedures that left him in pain and unable to work. Doc. 120. Also, plaintiff also asked the court to stay discovery proceedings until defendants had answered his requests "correctly." Doc. 116 at 1, 6. He sought an extension of time until he recovered from his medical procedures. Finally, he asked the court for leave to file a summary judgment motion.

The court declined to intervene in response to this Motion because Judge O'Hara's earlier rulings fell well within the scope of the matters referred to him. *See* D. Kan. Rule 72.1.2(b) (The Clerk of the Court may "assign civil cases to a magistrate judge or judge for the conduct of a Fed. R. Civ. P. 16(b) scheduling conference, the issuance of a scheduling order, and such other

Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy."); *see also* D. Kan. Rule 72.1.4(b) ("The procedure for filing objections to an order of a magistrate judge in a nondispositive matter follows Fed. R. Civ. P. 72(a)."). Below, the court first discusses: (1) plaintiff's original Motion to Stay Discovery; (2) Judge O'Hara's Order denying that Motion; and (3) plaintiff's most recent Motion for Review/Reconsider.

### A. Plaintiff's Motion for the District Judge to Intervene for Orders and Stay (Doc. 116)

In this Motion, plaintiff primarily argued that: (1) he was unable to present certain evidence and arguments during a status conference before Judge O'Hara on October 9, 2018; (2) defendants had failed to serve some of their discovery requests and other papers properly; and (3) defendants had failed to provide documents or responses to plaintiff's requests for information. In his first Reply to defendants' Response to his Motion (Doc. 124), plaintiff asserted that defendants had failed to communicate properly with him. Also, plaintiff contended that he was required to respond to defendants' requests even though he was facing medical issues. He submitted his own affidavit to support his Motion. It described medical procedures that left him in pain and unable to work. Doc. 120. Also, plaintiff also asked the court to stay discovery proceedings until defendants had answered his requests "correctly." Doc. 116 at 1, 6. He sought an extension of time until he recovered from his medical procedures. Finally, he asked the court for leave to file a summary judgment motion.

The court declined to intervene in response to this Motion because Judge O'Hara's earlier rulings fell well within the scope of the matters referred to him. *See* D. Kan. Rule 72.1.2(b) (The Clerk of the Court may "assign civil cases to a magistrate judge or judge for the conduct of a Fed. R. Civ. P. 16(b) scheduling conference, the issuance of a scheduling order, and such other

Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy."); *see also* D. Kan. Rule 72.1.4(b) ("The procedure for filing objections to an order of a magistrate judge in a nondispositive matter follows Fed. R. Civ. P. 72(a)."). Below, the court first discusses: (1) plaintiff's original Motion to Stay Discovery; (2) Judge O'Hara's Order denying that Motion; and (3) plaintiff's most recent Motion for Review/Reconsider.

### A. Plaintiff's Motion for the District Judge to Intervene for Orders and Stay (Doc. 116)

In this Motion, plaintiff primarily argued that: (1) he was unable to present certain evidence and arguments during a status conference before Judge O'Hara on October 9, 2018; (2) defendants had failed to serve some of their discovery requests and other papers properly; and (3) defendants had failed to provide documents or responses to plaintiff's requests for information. In his first Reply to defendants' Response to his Motion (Doc. 124), plaintiff asserted that defendants had failed to communicate properly with him. Also, plaintiff contended that he was required to respond to defendants' requests even though he was facing medical issues. He submitted his own affidavit to support his Motion. It described medical procedures that left him in pain and unable to work. Doc. 120. Also, plaintiff also asked the court to stay discovery proceedings until defendants had answered his requests "correctly." Doc. 116 at 1, 6. He sought an extension of time until he recovered from his medical procedures. Finally, he asked the court for leave to file a summary judgment motion.

The court declined to intervene in response to this Motion because Judge O'Hara's earlier rulings fell well within the scope of the matters referred to him. *See* D. Kan. Rule 72.1.2(b) (The Clerk of the Court may "assign civil cases to a magistrate judge or judge for the conduct of a Fed. R. Civ. P. 16(b) scheduling conference, the issuance of a scheduling order, and such other

pretrial conferences as are necessary and appropriate, and for the hearing and determination of all pretrial, procedural, and discovery motions."). Here, the Clerk has referred this case's pretrial proceedings to Judge O'Hara. The court referred all remaining discovery disputes that plaintiff raised in his Motion for the District Judge to Intervene for Orders and Stay to Judge O'Hara. Doc. 127.[2]

### B. Judge O'Hara's Order on Plaintiff's Remaining Discovery Disputes (Doc. 129)

Judge O'Hara denied the remaining discovery disputes in plaintiff's Motion for the District Judge to Intervene for Orders and Stay (Doc. 116). Specifically, Judge O'Hara directed plaintiff to the Certificates of Service defendants had filed, "indicating their discovery responses are complete." Doc. 129 at 1 n.2, 3; *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1150 (4th ed. 2018) (discussing the Fourth Circuit's holding that "certificate[s] of counsel [are] sufficient as proof of service unless seasonably challenged"). But even if plaintiff had not received these discovery documents contrary to the Certificates of Service defendants filed, Judge O'Hara also found that defendants had filed their discovery requests as attachments to their Response to plaintiff's Motion to Stay (Doc. 123).[3] Judge O'Hara determined that defendants had responded to plaintiff's discovery requests by November 2, 2018—the date of his Order. Finally, Judge O'Hara concluded that plaintiff "had the physical and mental ability to file more than [eight] separate discovery requests and more than 14 motions

---

[2] Plaintiff also filed a separate Motion to Stay Discovery (Doc. 121) that asked the court to stay the same discovery proceedings that plaintiff discussed in his Motion for the District Judge to Intervene for Orders and Stay. Judge O'Hara denied plaintiff's Motion to Stay Discovery as moot when he denied plaintiff's Motion for the District Judge to Intervene for Orders and Stay. Doc 129 at 5.

[3] D. Kan. Rule 5.4.9(a) provides that "notice of electronic filing automatically generated by the court's Electronic Filing System constitutes service of the filed document on all parties who have consented to electronic service." A docket annotation on March 27, 2018, shows that plaintiff registered as a pro se participant on the court's Electronic Filing System in this case, and he thus regularly receives electronic notifications for this case.

3

or briefs in support of motions since September 4, 2018." Doc. 129 at 4. The Order concluded that plaintiff "ha[d] not suggested his health ha[d] deteriorated since the October 9, 2018 status conference [when Judge O'Hara] deemed plaintiff able to respond to discovery at least by October 19, 2018." *Id.* Judge O'Hara also noted that plaintiff had failed to provide any medical evidence to substantiate his claims of a medical disability. Ultimately, Judge O'Hara found "no good cause, let alone extraordinary circumstances, that would justify further delaying the pretrial proceedings." *Id.*

### C. Plaintiff's Motion for Review/Reconsider (Doc. 141) and Defendants' Response (Doc. 156)

In his most recent Motion, plaintiff appears to argue that, while he has received defendants' Certificates of Service for certain discovery responses, he still has not received the underlying documents that defendants assert they served on plaintiff. Doc. 141 at 1–2 (listing Docs. 59, 60, 61, and 66 as documents plaintiff asserts he has not received). These documents include: (1) defendant MH Hospitality LLC's ("MH Hospitality") Response to Plaintiff's Second Request for Admissions (Doc. 59); (2) MH Hospitality's First Interrogatories to Plaintiff (Doc. 60); (3) MH Hospitality's First Request for Production of Documents (Doc. 61); and (4) MH Hospitality's First Request for Admission (Doc. 66). Plaintiff also asserts that he has served sufficient, timely discovery responses on defendants. Doc. 141 at 2–3.

In their Response, defendants reiterate Judge O'Hara's grounds for denying plaintiff's earlier Motion asking the court to stay discovery. They argue that plaintiff, as the movant, must demonstrate that Judge O'Hara's ruling is "clearly erroneous or contrary to law." Doc. 156 at 1 (citing Fed. R. Civ. P. 72). Defendants also contend that plaintiff has waived any arguments he failed to raise in his original Motion for the District Judge to Intervene and Stay for Orders or reply briefing (Docs. 116, 124, & 126). Doc. 156 at 3–4 (first citing *ClearOne Commc'ns, Inc.*

v. *Biamp Sys.*, 653 F.3d 1163, 1184–85 (10th Cir. 2011); then citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)).

## II.     Legal Standard

Federal Rule of Civil Procedure 72(a) and D. Kan. Rule 72.1.4(a) govern a party's challenge to a magistrate judge's non-dispositive order.  Challenges of this kind are directed to a district judge, and thus differ from "a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge" under D. Kan. Rule 7.3(a).  A party must file a motion to challenge an order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* D. Kan. Rule 72.1.4(a); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) ("The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))).  Also, "'[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'"  *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996).

## III.    Analysis

Here, plaintiff merely asserts that Judge O'Hara erred when he referenced particular Certificates of Service in his Order.  Plaintiff contends that he never received the discovery requests and responses that defendants' Certificates assert they had served.

But, first, Judge O'Hara explicitly found that defendants had responded to plaintiff's discovery requests by November 2, 2018.  Second, Judge O'Hara explicitly found that defendant MH Hospitality specifically had filed its discovery requests—the documents plaintiff says he

never received (Doc. 123). Doc. 129 at 3. "[E]ven taking plaintiff at his word that he never originally received this discovery," Judge O'Hara concluded that "this basis for a stay [was] no longer applicable" because plaintiff received MH Hospitality's discovery requests as part of the record in this case. *Id.* And finally, Judge O'Hara provided plaintiff with a November 30, 2018, deadline to file a motion to compel if he wished to challenge defendants' responses to his discovery requests as inadequate. Doc. 129 at 3–5.

The court can find no error—much less any clear error—in Judge O'Hara's ruling on plaintiff's Motion for the District Judge to Intervene for Orders and Stay. The court also cannot consider plaintiff's new arguments that he now has served sufficient, timely discovery responses. *See* Doc. 141 at 2–3. Plaintiff did not make these representations in his earlier Motion or in his Replies to defendants' Responses. *See* Docs. 116, 124, 126. He thus has waived these arguments. The court denies plaintiff's Motion for Review/Reconsider.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Review/Reconsider (Doc. 141) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of December, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
