UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.                                                           Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

    Defendants.

## **ORDER**

Plaintiff has filed a motion (ECF No. 160) for reconsideration of the court's order granting in part and denying in part his second motion for leave to amend his complaint (ECF No. 158). Because plaintiff offers no reason that would justify reconsideration of the court's order, his motion is denied.

On December 4, 2018, the court entered an order that, in relevant part, granted plaintiff's request to add Hilton Honors Worldwide LLC as a defendant, and to dismiss as defendants Hilton Worldwide Inc., Hilton Domestic Operating Company, Inc., and Hilton Franchise Holding LLC. By interlineation, the court amended the complaint to substitute Hilton Honors Worldwide LLC in place of Hilton Domestic Operating Company, Inc. The next day, plaintiff filed his motion for reconsideration, seeking to reinstate Hilton Domestic Operating Company, Inc., as a defendant.

1

Motions for reconsideration may be granted only if the moving party can establish: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2] A motion for reconsideration should not be used to "rehash previously rejected arguments or to offer new legal theories or facts."[3] Such a motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[4]

In his motion, plaintiff asserts that new facts justify reinstating Hilton Domestic Operating Company, Inc., as a defendant. Specifically, plaintiff states:

> Mysteriously the early morning of December 04, 2018 plaintiff went back to the same defendant website and they had made some major changes to state that, now, Hilton Domestic Operating Company Inc. is the Hilton entity that is the data controller for all guest data and operates, among other things, Hilton's marketing activities. Plaintiff believes now they Hilton Domestic Operating Company Inc, are an defendant in this matter because they controller Register Guest data along with Hilton Reservations Worldwide LLC, plaintiff discovery in reference to the defendants hotel in question and

---

[1]D. Kan. Rule 7.3. *See also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[2]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001).

[3]*Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (citing *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005)).

[4]*Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Cr. of Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

> Plaintiff beliefs that they played a major part now in plaintiff causes of actions.[5]

The court disagrees that the "new facts" asserted by plaintiff justify amending the complaint a third time to reinstate Hilton Domestic Operating Company, Inc. The fact that an entity may possess or control documents relevant to a cause of action is an insufficient basis to join that entity as a defendant.[6] In addition, plaintiff does not explain his conclusory statement that he now believes Hilton Domestic Operating Company, Inc., "played a major part" in his causes of action.

The remainder of plaintiff's motion discusses caselaw defining the alter-ego doctrine. Plaintiff does not suggest how that doctrine applies in this case. In any event, this legal doctrine has not previously been raised in this action, and as noted above, a motion for reconsideration is not the place to offer new legal theories.

Accordingly, plaintiff's motion (ECF No. 160) is denied.

IT IS SO ORDERED.

Dated December 6, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[5] ECF No. 160 at 1-2 (citations omitted) (printed as written, without correction of errors).

[6] To the extent Hilton Domestic Operating Company, Inc., does have relevant documents, plaintiff had the opportunity to obtain copies of such documents during the discovery period—the entire length of which Hilton Domestic Operating Company, Inc., was a party.

3