UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.                                           Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

    Defendants.

# **ORDER**

In this race discrimination case, defendants have filed a motion for a protective order (ECF No. 149), relieving them from responding to discovery served by the pro se plaintiff after the discovery deadline set in the scheduling order. For the reasons discussed below, the motion is granted.[1]

The scheduling order in this case was entered on July 20, 2018.[2] It set a discovery completion deadline of October 12, 2018.[3] During the discovery period, plaintiff served

---

[1] Plaintiff requests that the court deny the motion on procedural grounds, arguing defendants failed to confer with him prior to its filing in violation of D. Kan. Rule 37.2. The court rejects this request because the record reflects defendants did attempt to satisfy their meet-and-confer obligations. *See* ECF No. 159-16.

[2] ECF No. 41.

[3] An amended scheduling order was entered on October 9, 2018, that extended the deadline for specified limited discovery not pertinent here. ECF No. 114 at 4.

1

(and defendants answered) a total of 229 interrogatories, 83 requests for admissions, and 33 requests for production of documents.[4] Following the passing of the discovery deadline, plaintiff served ten additional discovery requests: 1) Interrogatories directed to Hilton Honors Worldwide LLC, 2) Interrogatories directed to Hilton Reservation Worldwide LLC, 3) Request for Admissions directed to Hilton Honors Worldwide LLC, 4) Request for Production of Documents to MH LLC, 5) Request for Production of Documents directed to IOU LLC, 6) Request for Admissions directed to Hilton Honors Worldwide LLC, 7) Fourth Request for Admissions to MH LLC, 8) Fourth Request for Admissions to IOU LLC, 9) a request for the deposition of Bedford Keith Alford, Amy Fisher, Jace Schwarz, William Reed and Greg Coleman, and 10) Request for Production of Documents directed to Hilton Worldwide (Holdings) Inc.

There is no dispute that plaintiff's ten-most-recent discovery requests were served after the scheduling-order deadline. The court recognizes plaintiff's pro se status, "but nevertheless expects [him] to 'follow the same rules of procedure that govern [represented] litigants.'"[5] "In the absence of an extension of the deadline, a party generally may not proceed with discovery over objection of the opposing party."[6] In such a case, good cause

---

[4] These numbers, set out in defendants' motion, are not disputed by plaintiff.

[5] *Hirt v. Unified Sch. Dist. No. 287*, No. 17-2279-JAR-GEB, 2018 WL 3495845, at *3 (D. Kan. July 20, 2018) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (recognizing the Tenth Circuit's insistence that pro se parties follow the same rules that govern represented parties)).

[6] *Scherer v. GE Capital Corp.*, 185 F.R.D. 351, 352 (D. Kan. 1999).

exists under Fed. R. Civ. P. 26(c) for the issuance of a protective order relieving the opposing party from the burden of responding to untimely discovery.[7]

For plaintiff's requests to be considered timely, the onus is on plaintiff to demonstrate good cause under Fed. R. Civ. P. 16(b)(4) to modify the scheduling-order discovery deadline.[8] This "good cause" standard requires the party seeking the modification to show that, despite his diligent efforts, he reasonably could not have met the deadline.[9]

Plaintiff raises multiple reasons for his delay in pursuing discovery, but most of them pertain to matters the court addressed months ago, and none of them demonstrate plaintiff could not have met the deadline had he acted diligently. First, plaintiff complains that he never agreed to the date of the scheduling conference, nor the discovery deadline set in the scheduling order. But plaintiff never filed a motion to reschedule the July 10, 2018 scheduling conference, nor a motion to reconsider the July 20, 2018 scheduling order. The time has long-past run for him to complain of the deadlines set.[10]

---

[7] *Id.*; *Soc'y of Prof'l Eng'g Emps. in Aerospace, IFPTE Local 2001*, Nos. 05-1251-MLB, 07-1043-MLB, 2009 WL 3711599, at *8, 10 (D. Kan. Nov. 3, 2009).

[8] Plaintiff does not explicitly request an extension of the discovery deadline, but his response to defendants' motion could be construed liberally to include such a request.

[9] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[10] *See* D. Kan. Rule 7.3(b) (motions to reconsider a non-dispositive order are due "within 14 days after the order is filed").

3

Second, plaintiff complains defendants did not comply with the initial disclosure requirements. Defendants served their initial disclosures on July 27, 2018. The court heard from plaintiff regarding his concerns over defendants' disclosures during an October 9, 2018 status conference and, in an amended scheduling order issued that same day, ordered defendants to produce certain documents to plaintiff.[11] Plaintiff now asks the court to compel defendants to supplement their initial disclosures with the addresses of persons listed therein. The court deems this an untimely motion to compel, in that any such motion was due within 30 days of defendants serving their initial disclosures.[12] Plaintiff has not addressed his lack of diligence in not making this request earlier. More importantly, plaintiff has not explained how defendants' allegedly incomplete initial disclosures impaired his ability to prepare timely discovery requests.

Next, plaintiff asserts defendants made inappropriate objections in their discovery responses. To the extent plaintiff complains about defendants' use of general objections, the court addressed that issue in the amended scheduling order.[13] To the extent plaintiff is otherwise dissatisfied with defendants' responses, he failed to file a motion to compel

---

[11] ECF No. 114 at 1-2.

[12] *See* D. Kan. Rule 37.1(b). The court reminds defendants, however, of their Fed. R. Civ. P. 26(e) duty to supplement their disclosures if they have learned the disclosures are incomplete or incorrect. Failure to comply with this duty subjects defendants to the likely probability that they will be prohibited from using the listed witnesses "to supply evidence on a motion, at a hearing, or at trial." Fed. R. Civ. P. 37(c)(1).

[13] ECF No. 114 at 2-3.

revised responses by the November 1, 2018 deadline set in the amended scheduling order.[14] And again, plaintiff has not attempted to meet his Rule 16(b)(4) burden by demonstrating defendants' objections interfered with his ability to serve all his discovery by the set deadline.

Fourth, plaintiff argues defendants "hid[] the correct names of the parties to the lawsuit."[15] In response to an earlier rendition of this argument, the court and defendants—in September 2018—clarified the relationship among the Hilton corporate entities.[16] Thus, this is not a valid excuse for plaintiff's failure to serve certain discovery before October 12, 2018.

Because plaintiff has not demonstrated good cause for extending the scheduling-order deadline for completion of discovery, his ten discovery requests served after October 12, 2018, are untimely. Defendants are therefore entitled to a protective order and need not respond to the requests. This ruling is subject to one exception: the deposition of Greg Coleman. The record indicates defendants have agreed to produce Mr. Coleman and have given plaintiff dates on which Mr. Coleman is available.[17] Defendants are ordered to stand by this agreement.

---

[14] *Id.*

[15] ECF No. 159 at 5.

[16] ECF Nos. 89, 104.

[17] *See* ECF Nos. 149-2 at 1-2, 159-5 at 1, 159-16 at 2, & 162-1 at 1.

5
O:\ORDERS\18-2137-DDC-149.docx

When a motion for a protective order is granted, Fed. R. Civ. P. 37(a)(5)(A) comes into play.[18] Rule 37(a)(5)(A) states,

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . circumstances make an award of expenses unjust.

Defendants request an award of attorney's fees in the amount of $1,650.00. Defendants state their counsel "have been required to spend 5.6 hours at a rate of $300.00 per hour reviewing the untimely discovery requests propounded after October 12, 2018, attempting to confer and resolve this particular discovery issue, drafting the Motion for Protective Order, researching applicable and law and conferring with the clients relate to [sic] a request for Protective Order."[19]

Although the court may be inclined to grant defendants' request for fees, defendants have not submitted attorney time records (or other evidence) to support the request. Additionally, defendants have cited no authority in support of their inclusion of time spent reviewing the discovery at issue and "attempting to confer and resolve this particular discovery issue." Therefore, should defendants wish to continue pursuing these fees, they

---

[18] The court made plaintiff aware of Rule 37(a)(5)'s fee provisions in its November 2, 2018 order. ECF No. 129 at 5.

[19] ECF No. 149 at 3.

are directed to file a notice by **December 20, 2018**, stating which fees are sought[20] (and citing any legal support for the same that they wish to offer) and attaching detailed attorney billing records in support.

IT IS SO ORDERED.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review by the presiding U.S. District Judge. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order. If plaintiff does not timely file his objections, no court will allow appellate review.

Dated December 13, 2018, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

---

[20] For example, the court might not be inclined to award fees for attorney time spent reviewing discovery requests directed to non-party entities that defense counsel does not represent.