UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.                                                        Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

    Defendants.

**ORDER**

In this race discrimination case, defendant MH Hospitality, LLC ("MH") has filed a motion asking the court to compel plaintiff to respond to discovery requests (ECF No. 157). The motion also seeks an award of MH's expenses incurred as a result of bringing the motion, as allowed by Fed. R. Civ. P. 37(a)(5).

Plaintiff has filed a separate motion for an award of his fees incurred in responding to MH's motion to compel (ECF No. 182).

Because plaintiff failed to timely assert initial objections to interrogatories and requests for production of documents, and because plaintiff failed to reassert objections to requests for admission, the court grants MH's motion to compel and awards MH its associated expenses. The court denies plaintiff's motion for fees as frivolous.

1

## I. Background

On August 17, 2018, MH served plaintiff with nineteen interrogatories[1] and fifteen requests for production of documents.[2] On August 22, 2018, MH sent plaintiff forty-four requests for admissions.[3]

Throughout the course of this litigation, plaintiff has continuously sought to delay or avoid responding to this discovery. Plaintiff requested—and was granted—three extensions to respond.[4] In granting the second extension, the undersigned U.S. Magistrate Judge, James P. O'Hara, warned plaintiff—both in person and in the Amended Scheduling Order—that the court would grant no further extensions of discovery deadlines "absent a strong showing of truly extraordinary circumstances."[5] Less than a week later, plaintiff filed a motion to stay discovery.[6] On November 2, 2018, the undersigned denied the motion to stay discovery, but granted plaintiff a third extension to November 16, 2018, to

---

[1] *See* ECF No. 60. Following the court's directive made at the October 9, 2018 status conference and in the Amended Scheduling Order filed that same day (ECF No. 114 at 2), MH limited its contention interrogatories (numbered 13-18) to request only the "principal and material facts" supporting plaintiff's contentions (not "each and every fact"). ECF No. 123-7.

[2] *See* ECF No. 61.

[3] *See* ECF Nos. 66, 157-4.

[4] ECF No. 100 (extension to October 12, 2018); ECF No. 114, as amended by ECF No. 184 (extension to October 19, 2018); ECF No. 129 (extension to November 16, 2018).

[5] ECF No. 114 at 2.

[6] ECF No. 116.

2

respond.[7] In granting the third extension, the undersigned stated,

> Discovery must proceed in this case so that the case may advance toward the trial plaintiff requests.  The court finds no good cause, let alone extraordinary circumstances, that would justify further delaying the pretrial proceedings. . . . **Plaintiff is hereby warned . . . that if he fails to meet the November 16, 2018-discovery deadline set in this order such that defendants find it necessary to file a motion to compel, the court will favorably entertain a motion for plaintiff to pay defendants' fees incurred in bringing the motion.**[8]

On November 16, 2018, plaintiff filed a motion for the presiding U.S. District Judge, Daniel D. Crabtree, to review the undersigned's November 2, 2018 order denying his request for a discovery stay.[9]  Significantly, plaintiff did *not* file a motion to stay the directives in the undersigned's order—including the directive that he respond to discovery by November 16, 2018—pending a decision by Judge Crabtree.[10]  Plaintiff did respond to MH's requests for admission on that date,[11] but did not meet the deadline for responding to the interrogatories and requests for production of documents.

On November 30, 2018, MH filed the instant motion to compel plaintiff to answer outstanding discovery.[12]  Plaintiff responded that he "was under the impression that he could wait until after the pending motion for review [of the order denying the discovery

---

[7] ECF No. 129.

[8] *Id.* at 4-5 (emphasis in original).

[9] ECF No. 141.

[10] *See* D. Kan. Rule 72.1.4(d).

[11] ECF No. 157-5.

[12] ECF No. 157.

stay]" was decided before answering the discovery.[13]  On December 6, 2018, Judge Crabtree denied plaintiff's motion for review.[14]  Plaintiff then served his responses and objections to MH's interrogatories and requests for production of documents on December 12, 2018.[15]  MH filed its reply brief on December 20, 2018.[16]  Acknowledging plaintiff's December 12, 2018 responses, the reply states the discovery disputes have been narrowed to interrogatories numbered 2, 4-10, and 19; requests for production of documents numbered 1, and 3-15; and requests for admission numbered 5-10, 12-15, 25, 27, 28, 31-36, and 41-44.[17]

## II. Interrogatories and Requests for Production of Documents

There is no dispute that plaintiff failed to object to MH's interrogatories and requests for production of documents by the November 16, 2018 extended response-deadline set by the court.  The law is well established that "[i]f a responding party fails to lodge timely objections to discovery requests, those objections are deemed waived unless the court excuses the failure for good cause."[18]  To demonstrate good cause, the "party

---

[13] ECF No. 166.

[14] ECF No. 163.

[15] ECF Nos. 169, 170, 185-1, 185-2.

[16] ECF No. 185.

[17] MH also summarily asks the court to deem admitted requests for admission numbered 29, 37, and 38, but these requests were not substantively addressed in the motion or briefing, so will be disregarded.

[18] *Linnebur v. United Tel. Ass'n.*, No. 10-1379, 2012 WL 1183073, at *6 (D. Kan. Apr. 9, 2012).  *See also Starlight Intern., Inc. v. Herlihy*, 181 F.R.D. 494, 496-97 (D. Kan.

4

failing to assert timely objections must show it could not have reasonably met the deadline to respond despite due diligence."[19]

Plaintiff does not explicitly assert he had good cause for his late discovery responses and objections. But plaintiff has asserted his belief that the filing of his motion for review of the undersigned's order denying a discovery stay permitted him to "wait" to respond. Construing this argument broadly as an assertion of good cause, it is rejected. "[I]gnorance of the rules . . . generally does not constitute 'good cause.'"[20] And as the court has previously stated, plaintiff's pro se status does not excuse him from following the procedural rules of the court.[21]

Thus, the court finds plaintiff waived any objections to MH's interrogatories and requests for production of documents. Plaintiff must therefore answer this discovery without further objection.[22] **Within fourteen days of this order**, plaintiff shall provide,

---

1998) (finding no good cause for untimely objections); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

[19] *Linnebur*, 2012 WL 1183073, at *6.

[20] *Id.*

[21] *See Hirt v. Unified Sch. Dist. No. 287*, No. 17-2279-JAR-GEB, 2018 WL 3495845, at *3 (D. Kan. July 20, 2018) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (recognizing the Tenth Circuit's insistence that pro se parties follow the same rules that govern represented parties)).

[22] The court makes one exception to this requirement. Plaintiff need not answer Interrogatory No. 5, which seeks information about expert witnesses. The parties have stipulated that expert testimony will not be used in this case. *See* ECF No. 41 at 5.

5
O:\ORDERS\18-2137-DDC-157, 182.docx

without objection, amended responses to interrogatories numbered 2, 4, 6-10, and 19; and to requests for production of documents numbered 1, and 3-15. Plaintiff is hereby warned if he fails to abide by this order, he may be subject to sanctions under Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 41(b), which could include dismissal of this case.

### III. Requests for Admission

Plaintiff did assert timely answers and objections to MH's requests for admission. MH moved the court to overrule plaintiff's objections to requests for admission numbered 5-10, 12-15, 25, 27, 28, 31-36, and 41-44, and to deem them admitted under Fed. R. Civ. P. 36(a)(6). In response to the motion, plaintiff did not directly reassert his objections, but only made the general statement that he could not "completely answer" the requests because defendants had not provided him certain discovery.[23]

"When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must *specifically show* in its response to the motion how each request [for admission] is objectionable."[24] Objections initially raised in response to a request but not relied upon in response to a motion to compel "will be deemed abandoned."[25]

---

[23] ECF No. 166 at 1.

[24] *Firestone v. Hawker Beechcraft Int'l Serv. Co.,* No. 10-1404, 2011 WL 13233153, at *2 (D. Kan. Sept. 28, 2011) (emphasis added).

[25] *Id. See also Kannaday v. Ball*, 292 F.R.D. 640, 644 (D. Kan. 2013) ("[O]bjections initially raised but not supported in the objecting party's response to the motion to compel are deemed abandoned."); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 641 n.22,

6

Here, plaintiff did not attempt to support any of his objections to the requests for admission. Accordingly, the court finds plaintiff has abandoned his objections to the requests.[26] **Within fourteen days of this order**, plaintiff shall provide, without objection, amended answers to requests for admission numbered 5-10, 12-15, 25, 27, 28, 31-36, and 41-44 in accordance with Fed. R. Civ. P. 36(a)(4) and (6).[27] Plaintiff is hereby warned if he fails to abide by this order, he may be subject to sanctions under Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 41(b), which could include dismissal of this case.

**IV.     Sanctions**

When a motion to compel is granted, Fed. R. Civ. P. 37(a)(5)(A) comes into play. Rule 37(a)(5)(A) states,

> If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . the opposing party's nondisclosure, response,

---

656 (D. Kan. 2004) ("[A] court will consider only those objections that have been timely asserted in the initial response to the discovery request and subsequently reasserted and relied upon in response to the motion to compel.").

[26] In any event, it appears the vast majority of plaintiff's objections have since been mooted by subsequent activity in the case. Many of the objections were based on plaintiff's concern that a motion for leave to amend parties was pending, and that motion now has been resolved. Similarly, many other objections were based on an alleged lack of discovery responses from defendants, but defendants represent that they re-served their responses on November 20, 2018.

[27] The court denies MH's more specific request to deem the requests admitted. Rule 36(a)(6) directs that when a court overrules an objection, "it must order that an answer be served." Then. if plaintiff's amended answers do not comply with Rule 36, MH may move the court to deem the matter admitted.

7

or objection was substantially justified; or other circumstances make an award of expenses unjust.

Plaintiff's actions here were not substantially justified and no other circumstances make an award of fees to MH unjust. The court specifically directed plaintiff to Rule 37(a)(5)'s fee provisions in its November 2, 2018 order. [28] As noted above, the court warned plaintiff that if he did not comply with the November 16, 2018-discovery deadline, "such that defendants find it necessary to file a motion to compel, the court will favorably entertain a motion for plaintiff to pay defendants' fees incurred in bringing the motion."[29] Plaintiff is not proceeding in forma pauperis.

MH requests an award of attorneys' fees in the amount of $1,950.00.[30] Although the court is inclined to award MH fees under Rule 37(a)(5)(A), the court does not have enough information before it to determine a reasonable fee amount. MH's fee request does not indicate the attorney time extended, nor the rate at which that time was billed. MH is ordered to supplement its attorneys' fee request by **within five business days of this order.**

Plaintiff's request for sanctions is frivolous and is denied. Plaintiff's suggestion that defense counsel has harassed him in court documents does not bear out, and his allegations of verbal abuse are not supported. Finally, he is not the "prevailing party" with respect to this discovery dispute.

---

[28] ECF No. 129 at 5.

[29] *Id.*

[30] ECF No. 157-7.

8

O:\ORDERS\18-2137-DDC-157, 182.docx

IT IS THEREFORE ORDERED that MH's motion to compel is granted and plaintiff's motion for sanctions is denied.

Dated February 14, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

9

O:\ORDERS\18-2137-DDC-157, 182.docx