UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY L. ABRAHAM,

    Plaintiff,

v.                                                                Case No. 18-2137-DDC

HILTON WORLDWIDE, INC., et al.,

    Defendants.

## **ORDER**

The pro se plaintiff in this action has filed a motion "for change of Magistrate Judge" (ECF No. 186). Plaintiff brings the motion under Kan. Stat. Ann. § 20-311d(a), which allows for disqualification of a judge who cannot afford the movant a fair trial. The motion is denied.

First, Kan. Stat. Ann. § 20-311d(a) is not applicable here. Plaintiff's claims are in federal court through federal-question jurisdiction.[1] That is, plaintiff has asserted defendants violated 42 U.S.C. § 1981, a federal statute. Accordingly, Kansas law would not apply.[2] Moreover, even if this case were proceeding under the diversity jurisdiction

---

[1] *See* 28 U.S.C. § 1331.

[2] *Nanomantube v. Kickapoo Tribe in Kan.,* No. 09-4107, 2009 WL 10675742, at *1 (D. Kan. Sept. 21, 2009).

afforded by 28 U.S.C. § 1332, judicial disqualification is a procedural matter, and federal courts apply federal (not state) procedural law.[3]

Second, when the motion is construed more broadly as a motion for recusal under 28 U.S.C. § 455 (which *is* applicable in this court), it is unsupported. Section 455 requires a judge to disqualify himself if "his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." Yet a judge has "as much obligation … not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[4] Thus, he has a duty to sit when there is no legitimate reason for him to recuse himself.[5] Courts must exercise great care in considering motions for recusal in order to discourage their use for judge shopping or delay.[6]

---

[3] *Id.* at n.6.

[4] *David v. City & Cty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *accord Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995).

[5] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

[6] *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device); *see also, e.g., In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) ("[T]he disqualification decision must reflect … the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking."); *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) ("Judges have an obligation to litigants and their colleagues not to remove themselves needlessly … because a change of umpire in mid-contest may require a great deal of work to be redone .. and facilitate judge-shopping.").

Plaintiff's motion is one sentence in length and does not suggest facts that would indicate the undersigned's impartiality or bias, or the appearance of impartiality or bias. "Judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) . . . do not establish bias unless they display deep-seated and unequivocal antagonism that would render fair judgment impossible. . . . Thus, adverse rulings cannot in themselves form the appropriate grounds for disqualification."[7] The undersigned has no interest, pecuniary or otherwise, in the instant litigation. The undersigned has no personal bias or prejudice against plaintiff. Because there is no legitimate reason for recusal, the undersigned has a duty to hear this case.

IT IS THEREFORE ORDERED that plaintiff's motion for change of magistrate judge is denied.

Dated February 14, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

---

[7] *Bolden v. City of Topeka,* 441 F.3d 1129, 1151 (10th Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) and *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citation and quotation marks omitted).

3
O:\ORDERS\18-2137-DDC-186.docx